IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHNNY R. HILL | § | |
| | § | |
| V. | § | A-08-CA-849 JN |
| | § | |
| CLAUDE MAYE WARDEN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court are the Petition for a Writ of Habeas Corpus By a Person in Federal Custody styled as "Petition for Undischarged State Sentence Jail Time to Be Awarded Towards Federal Conviction (Clerk's Doc. No. 1) filed November 19, 2008, and Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus (Clerk's Doc. No. 6) filed March 5, 2009. After considering the parties' pleadings, the record, and the relevant law, the undersigned Magistrate Judge issues the following Report and Recommendation.

## I. BACKGROUND

Petitioner Johnny Ray Hill ("Petitioner" or "Hill") is currently serving a 67-month term of imprisonment, followed by an eight-year term of supervised release. He pled guilty to the offense of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). He was sentenced by the federal District Court on July 1, 2004, for the offenses of Felon in

Possession of a Firearm and Possession with Intent to Distribute Cocaine then returned to State custody.

Petitioner was convicted on state charges of possession of a controlled substance on October 14, 2002, and given a sentence of ten years. That sentence was suspended and Petitioner was placed on community supervision. On October 24, 2002, the Petitioner was arrested again for two drug possession counts. On October 29, 2002, the State moved to revoke Petitioner's community supervision based upon this arrest and he remained in custody in the Travis County Jail. The two drug possession cases were dismissed by the State on January 17, 2003. As stated above, Petitioner was sentenced in federal court on July 1, 2004, and then returned to state custody. On August 30, 2004, Petitioner was found to have violated his probation and was ordered to serve four years in the Texas Department of Criminal Justice – Institutional Division. On October 28, 2004, Petitioner was placed in exclusive federal custody and began serving his federal sentence.

In this Section 2241 petition, Petitioner asserts that his conviction for Felon in Possession of a Firearm was based upon the fact of his prior felony and that state offense was "fully taken into account" at sentencing at required by U.S.S.G. § 5G1.3(b) and thus his state and federal sentences should run concurrently. He requests that he be given credit for his federal sentence for all time served in state custody starting October 29, 2002.

## II. ANALYSIS[1]

Petitioner's argument is that his state and federal offenses should run concurrently, thus crediting his time in state custody beginning October 29, 2002 – the date the State moved to revoke his parole – to his federal sentence. The basis of Petitioner's argument is that the federal District Court took his prior state felony into account in sentencing as he was sentenced for the offense of

---

[1]The Defendant does not contest jurisdiction, venue, or that Petitioner has exhausted his administrative remedies.

Felon in Possession of a Firearm because that offense included his status as a "felon" and thus was in essence "relevant conduct". He relies upon U.S.S.G. 5G1.3(b) for the argument that he should receive federal credit for his state imprisonment. This argument is in error.

First (to the extent he makes this argument), whether the sentencing court should have required Hill's federal and state sentences to run concurrently pursuant to § 5G1.3(b)[2] is an issue that challenges the correctness of the sentence, and therefore Hill is not entitled to raise this claim under § 2241 unless he can demonstrate that he is entitled to relief under the "savings clause" of 28 U.S.C. § 2255(e). He has failed to so. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Thus, this argument cannot be raised in this proceeding.

Second, Hill's argument is flawed on the merits. The district court generally has broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence. *United States v. Johnson*, 40 F.3d 1079, 1082 (10th Cir. 1994) (citing 18 U.S.C. §§ 3553(a), 3584(a), & 3584(b)). This discretion, however, is limited by § 5G1.3 of the United States Sentencing Guidelines when the

---

[2] § 5G1.3. "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment" reads as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

3

court seeks to impose a sentence upon a defendant who is subject to an undischarged term of imprisonment. *Id.* In this case, Petitioner committed the federal offenses for which he was ultimately sentenced in 2004 while on community supervision. Section 5G1.3(b) was intended to credit, for guideline purposes, defendants who have already served time for the same conduct or course of conduct. *Johnson*, 40 F.3d at 1082. It requires a district court to impose a concurrent sentence when: 1) the defendant is subject to an undischarged term of imprisonment; and 2) the conduct underlying the undischarged term of imprisonment has been "fully taken into account in the determination of the offense level for the instant offense." *Id.* Commentary to § 5G1.3 indicates that subsection (b) specifically addresses cases where the conduct resulting in the undischarged term of imprisonment has been fully taken into account under § 1B1.3 (Relevant Conduct)[3] in determining the offense level for an offense. *Id.*

However, Section 5G1.3(b) does not apply in this case because it applies only in instances where the Petitioner has already served time for the same conduct or course of conduct. Here, the

---

[3]Section 1B1.3 of the Guidelines defines relevant conduct as:

(1)     (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

(3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and

(4) any other information specified in the applicable guideline.

U.S. Sentencing Guidelines Manual § 1B1.3(a).

imposition of Hill's Felon in Possession of a Firearm sentence is separate from Hill's 2002 state sentence of Possession of a Controlled Substance conviction for which his community supervision was revoked. The State did not prosecute Hill for the acts upon which his October 24, 2002, arrest was based. Those charges were dismissed on January 17, 2003. Thus, these sentences are not part of the same course of conduct, despite the first offense being the reason behind Hill's denomination as a "felon" for the charge of Felon in Possession of a Firearm, and 5G1.3(b) does not apply.

Additionally, to the extent Hill is arguing that he is entitled to credit on his federal sentence for the time he spent in state custody prior to the imposition of his federal sentence, this argument also fails. He maintains that the BOP should have begun counting the time on his federal sentence on the date he began serving his state sentence in October of 2002. The clear flaw in this argument is that Hill is asking that his federal sentence be ordered to have commenced years prior to the date it was handed down. "A federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). *See also Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (federal sentence could not commence prior to date of sentencing); *Demartino v. Thompson*, 116 F.3d 1489, 1489 (10th Cir. 1997) (same). Petitioner's argument has been repeatedly rejected by the Fifth Circuit.[4] Petitioner's federal sentence commenced on July 1, 2004, and thus Petitioner could not begin serving it until that date.

To the extent that Hill argues that he should have been credited with time in custody that was not credited toward another sentence, the records reflect that this is not the case. 18 U.S.C. § 3585

---

[4]*See Miramontes v. Driver*, 243 Fed. Appx. 855, 856 (5th Cir. 2007) (federal court lacks authority to order federal sentence to run absolutely concurrently with prior sentence); *Natividad v. Haro*, 181 Fed. Appx. 499, 500 (5th Cir. 2006) (federal sentence does not run absolutely concurrently with prior sentence); *Lugo-Cuero v. United States Bureau of Prisons*, 194 Fed. Appx. 220, 221 (5th Cir. 2006) (federal court lacks authority to order federal sentence to run absolutely concurrently with prior sentence). *See also United States v. McLean*, 867 F.2d 609, 609 (4th Cir. 1989) (when federal sentence is ordered to run concurrently with sentence being served it can only run concurrently with part of prior sentence remaining to be served).

5

mandates that time served in official detention prior to the commencement of a federal sentence is credited only if the time has not been credited to service of another sentence. In this case, the evidence reflects that Hill was credited toward his Texas state sentence with time served in state custody for the period of September 24, 2002, through October 28, 2004. *See* Respondent's Exhibit B. Petitioner does not dispute that the time at issue here was credited to his state sentence. Thus, crediting that time to his federal sentence as well would clearly run afoul of the provisions of section 3585(b). *See United States v. Barrera-Saucedo,* 385 F.3d 533, 536 (5th Cir. 2004) ("no statutory authority for district courts to award credit against federal sentences for time spent in state custody"); *Adams v. Morrison*, 84 Fed. Appx. 419, 420 (5th Cir. 2003); *Gonzalez v. United States*, 199 F.3d 438, 438 (5th Cir. 1999) (where petitioner received credit on state sentence for time spent in custody prior to imposition of concurrent federal sentence, he was not entitled to credit on federal sentence for same time).

Finally, in this case Petitioner's file was reviewed for a nunc pro tunc or concurrent designation to a state facility after the imposition of his federal sentence. On October 4, 2006, the BOP sent a letter to the Honorable James Nowlin requesting his position on the issue of whether Petitioner's federal and state sentences should run concurrently. On October 20, 2006, Judge Nowlin informed the BOP that he intended the federal and state sentences to run consecutively and not concurrently. *See* Declaration of Kinda Flagg. Hill's claims fail on this additional basis.

## V. RECOMMENDATION

The undersigned **RECOMMENDS** that the district judge **DENY** the Petition for a Writ of Habeas Corpus By a Person in Federal Custody styled as "Petition for Undischarged State Sentence Jail Time to Be Awarded Towards Federal Conviction" (Clerk's Doc. No. 1) and all other relief requested by Petitioner.

## VI. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE